| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF VIRGINIA | **CHAPTER 13 PLAN AND RELATED MOTIONS** |
| Name of Debtor(s):<br>    **Ervin Connell Maddrey**<br>    **JoAnn Marie Maddrey** | Case Number: **05-30505** |

Note to creditors: Section A is the summary of the plan, Section B contains the detailed provisions of the plan and Section C is the debtor's budget. Except where noted otherwise, references to the "debtor" also refer to the debtor's spouse if the case is a joint case.

### SECTION A - PLAN SUMMARY

**A-1. DATE OF PLAN**

This plan, dated **February 3, 2005** is:

- ■ the *first* Chapter 13 plan filed in the case.
- ☐ a modified plan, which replaces the plan dated: .

That plan has/has not been confirmed by the Court.

**Summary of Modification**

a. Plan Provision Modified by this Filing:
   **N/A**

b. Nature of Modification:
   **N/A**

c. Creditors Affected by Modification:
   **N/A**

**A-2. ASSETS AND LIABILITIES**

On **January 20, 2005**, the debtor

- ■ filed for relief under Chapter 13.
- ☐ converted a previously filed case to one under Chapter 13.

As of that date, the debtor listed assets and liabilities as follows:

Total Assets: $ **77,859.00**

Total Unsecured Debt including unsecured portion of secured debt: $ **23,276.00**

Total Secured Debt: $ **82,100.00**

### A-3. FUNDING OF PLAN

The future earnings and income of the debtor are submitted to the supervision and control of the trustee. The debtor proposes to pay the sum of **$345.00** per month for **48** months, or longer if necessary for completion of this plan according to its terms, but not more than 60 months.

The total amount to be paid into the plan is $**16,560.00**.

> This does/~~does not~~ constitute all of the disposable income of the debtor during the period of the plan.
>
> Payments will be made in equal installments of $**159.23** every
>
> - ☐ Month
> - ☐ Twice monthly (24 payments per year)
> - ■ Two weeks (26 payments per year)
> - ☐ Week
>
> Beginning: **3/7/05**
>
> OTHER PAYMENTS: **None.**

### A-4. PAYMENT TO UNSECURED CREDITORS.
Unsecured creditors with claims not entitled to priority under the United States Bankruptcy Code will receive in deferred cash payments from the trustee approximately **16**% of the present value of their allowed claims, without interest. If this case were liquidated under Chapter 7, such creditors would receive a dividend of approximately **0.0**% of their allowed claims.

### SECTION B - PROVISIONS OF PLAN

**B-1. ELIGIBILITY.** The debtor is an individual who owed, on the date of the filing of the petition commencing this case, noncontingent, liquidated and unsecured debts totaling $**23,276.00** and noncontingent, liquidated and secured debts totaling $**82,100.00**. The debtor has regular income and is otherwise eligible for relief under 11 U.S.C. § 109(e) of the United States Bankruptcy Code. This plan is proposed in good faith and complies with all applicable provisions of Chapter 13 and the United States Bankruptcy Code.

**B-2. PAYMENTS TO PRIORITY CREDITORS**

   **a. Priority Creditors Under 11 U.S.C. § 1326(b).** The following priority creditors shall, subject to payments to secured creditors, be paid in full at or before the time of payment to remaining creditors:

   1. Trustee: 10% of all sums disbursed, except any funds returned to the debtor.
   2. Debtor's Attorney: $**1,780.00** balance due of total fee of $**1,780.00**.

   The attorney shall comply with Local Bankruptcy Rule 2016-1. Any fee in excess of the maximum established in L.B.R. 2016-1 will require an application for allowance of compensation and reimbursement of expenses by separate and distinct pleading. Any such application shall comply with 11 U.S.C. § 330, F.R.B.P. 2016 and L.B.R. 2016-1. The attorney shall not send a bill directly to the debtor. Should the debtor receive a bill from his/her attorney, the debtor should send a copy of such bill to the trustee.

   **b. Priority Creditors Under 11 U.S.C. § 1322(a)(2).** All allowed priority claims will be paid in full by deferred cash payments, unless the holder of such a claim agrees to be treated differently. The known priority claims are as follows:

| **Creditor** | **Type of Claim** | **Estimated Amount Due** |
|---|---|---|
| **City of Richmond** | **Real Estate Tax Balance Due for 2004** | 767.00 |
| **City of Richmond** | **Personal Property Tax Balance Due for 2003-2004** | 600.00 |

**B-3. CREDITORS SECURED BY PROPERTY OTHER THAN REAL ESTATE - DEBTOR TO RETAIN COLLATERAL**. Creditors whose claims are secured by property other than real estate whose collateral is to be retained by the debtor shall retain their liens and be paid as indicated below. Insurance will be maintained upon such collateral at the debtor's expense, in accordance with the terms of the contract and security agreement creating such security interest.

**a. To be Paid in Full Through Trustee.** Creditors named below whose claims are allowed will be paid the equivalent of 100% of the present fair market value of their collateral not to exceed the balance of the obligation, in deferred cash payments. The excess of such a creditor's claim, over and above the fair market value of its collateral, will be paid as an unsecured claim.

| | |
|---|---|
| **Creditor:** | **Romancing the Stone** |
| Balance due: $ | **3,000.00** |
| Collateral description: | **Wedding and engagement rings** |
| Replacement value: $ | **500.00** |
| Source of valuation: | **Debtor's estimate** |
| Interest rate: | **5.25 %** |

Balance due to be amortized by monthly payments through trustee of $ __To be paid prorata.__ for __ months.

To be paid through the trustee on a fixed monthly basis as set forth above or on a pro rata basis.

**The debtor hereby moves to value the collateral at $__500.00__ in accordance with 11 U.S.C. § 506(a), F.R.B.P. 3012, and L.B.R. 3015-2.**

| | |
|---|---|
| **Creditor:** | **US Bank** |
| Balance due: $ | **6,654.00** |
| Collateral description: | **2000 Pontiac Sunfire with 72,000 miles** |
| Replacement value: $ | **5,100.00** |
| Source of valuation: | **NADA guide** |
| Interest rate: | **5.25 %** |

Balance due to be amortized by monthly payments through trustee of $ __To be paid prorata.__ for __ months.

To be paid through the trustee on a fixed monthly basis as set forth above or on a pro rata basis.

**The debtor hereby moves to value the collateral at $__5,100.00__ in accordance with 11 U.S.C. § 506(a), F.R.B.P. 3012, and L.B.R. 3015-2.**

**b. To be Paid Directly by Debtor.** Creditors named below whose claims are allowed will be paid directly by the debtor in accordance with the terms of the contract and security agreement.

**-NONE-**

**c. Delinquency to be Cured Through Plan, Regular Payments to be Paid Directly by the Debtor.**

**-NONE-**

**B-4. CREDITORS SECURED BY PROPERTY WHICH WILL BE SURRENDERED BY THE DEBTOR.** Upon confirmation of the plan, if not before, the debtor will surrender the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy such creditor's claim, the creditor shall hold a nonpriority, unsecured claim. The entry of the order confirming the plan shall have the effect of terminating the stay of 11 U.S.C. § 362(a) as to the collateral surrendered, thereby allowing the recovery and disposition of such property according to applicable nonbankruptcy law.

**-NONE-**

**B-5. CREDITORS WITH CLAIMS SECURED BY REAL ESTATE.** Creditors whose claims are secured by real estate, which is to be retained by the debtor, shall retain their liens and be paid as indicated below. Insurance will be maintained upon such collateral at the debtor's expense, in accordance with the terms of the contract and deed of trust creating the lien thereon.

### a. Claims Secured Only by Interest in Debtor's Principal Residence:

Creditors named below are secured only by a security interest in real estate which is the debtor's principal residence. Creditors whose claims are allowed will have any delinquency accrued, or default which occurred before the filing of the petition commencing this case, cured through the plan. All obligations of the debtor under the contract and deed of trust (except as pertains to the curing of the below-described arrearages) will be performed by the debtor in accordance with the terms of such contract and deed of trust encumbering the property.

**Creditor:** **Countrywide Home Loans**
Principal balance due:  $ **58,000.00**
Description: **Single family home located at 112 E. 31st St., Richmond VA**
Regular monthly installment payment:  $ **480.00**
Prepetition delinquency and other defaults:
Amount:  $ **1,000.00**

■ with interest at the rate of __9.00__ %
☐ without interest

Payments to cure prepetition delinquency and other defaults to be paid:
■ Through the trustee on a fixed monthly basis by monthly payments of $ **To be paid prorata.**  for ___ months or on a pro rata basis.
☐ Directly by the debtor.

Regular payments accruing post petition to be paid:
☐ Through the trustee on a fixed monthly basis by monthly payments of $___ for ___ months or on a pro rata basis.
■ Directly by the debtor.

**Creditor:** **Sharon Bonds**
Principal balance due:  $ **12,000.00**
Description: **Single family home located at 112 E. 31st St., Richmond VA**
Regular monthly installment payment:  $ **100.00**
Prepetition delinquency and other defaults:
Amount:  $ **1,000.00**

■ with interest at the rate of __5.00__ %
☐ without interest

Payments to cure prepetition delinquency and other defaults to be paid:
■ Through the trustee on a fixed monthly basis by monthly payments of $ **To be paid prorata.**  for ___ months or on a pro rata basis.
☐ Directly by the debtor.

Regular payments accruing post petition to be paid:
☐ Through the trustee on a fixed monthly basis by monthly payments of $___ for ___ months or on a pro rata basis.
■ Directly by the debtor.

**b. Claims Secured by Real Property Other Than the Debtor's Principal Residence:**

Creditors named below are secured by a security interest in real estate other than the debtor's principal residence. Creditors whose claims are allowed will be paid the equivalent of 100% of the present fair market value of their collateral in deferred cash payments. This will fully satisfy the secured portion of such creditor's allowed claim. The excess of such a creditor's claim over and above the fair market value of its collateral will be paid as an unsecured claim.

**Creditor:** **Bluegreen Resorts Management**
Principal balance due:  $ **6,500.00**
Description: **Timeshare located at Shenandoah Crossing in Charlottesville, VA - Pay direct by third party - 31 yr old son**
Debtor's estimation of value:  $ **8,000.00**
Regular monthly installment payment:  $ **125.00**
Prepetition delinquency and other defaults:
Amount:  $ **0.00**

☐ with interest at the rate of ___%
☐ without interest

Payments to cure prepetition delinquency and other defaults to be paid:
- ☐ Through the trustee on a fixed monthly basis by monthly payments of $___ for ___ months or on a pro rata basis.
- ☐ Directly by the debtor.

Regular payments accruing post petition to be paid:
- ☐ Through the trustee on a fixed monthly basis by monthly payments of $___ for ___ months or on a pro rata basis.
- ■ Directly by the debtor.

**B-6. LIEN AVOIDANCE.**

**a. Avoidance of Nonpossessory, Nonpurchase-Money Security Interest:** The debtor claims certain property exempt on Schedule C. That property is subject to a nonpossessory, nonpurchase-money security interest of a creditor which impairs the exemption of the debtor to personal property that fits within the categories set forth in 11 U.S.C. § 522(f)(1)(B)(i), (B)(ii) or (B)(iii). The exempt property, creditor, amount of the creditor's claim and amount to be avoided and paid as an unsecured claim are set forth below.

**The debtor hereby moves to avoid the following *nonpossessory, nonpurchase-money security interest liens* pursuant to 11 U.S.C. § 522(f), L.B.R. 3015-2 and L.B.R. 4003-2.**

| Name of Creditor | Description of Collateral | Value of Collateral | Identity of Senior Lienholder (if any) | Amount of Claim of Senior Lienholder |
|---|---|---|---|---|
| -NONE- | | | | |

**b. Avoidance of Judicial Lien:** The debtor claims certain property exempt on Schedule C. That property is subject to a judicial lien for a debt, other than for a debt described in 11 U.S.C. § 522(f)(1)(A)(i) and (A)(ii), which lien impairs the exemption of the debtor to the property. The creditor, debtor's interest in the property, amount of the lien, amount to be avoided and amount not to be avoided are set forth below.

**The debtor hereby moves to avoid the following *judicial liens* pursuant to 11 U.S.C. §522(f), L.B.R. 3015-2 and L.B.R. 4003-2.**

| Name of Creditor | Description of Collateral | Value of Collateral | Identity of Senior Lienholder (if any) | Amount of Claim of Senior Lienholder |
|---|---|---|---|---|
| -NONE- | | | | |

  **c. Avoidance of Other Security Interest and/or Lien**: If the debtor intends to avoid a security interest or judicial lien pursuant to other applicable sections of the United States Bankruptcy Code, then the debtor shall so state below and shall file and serve the necessary pleadings within 90 days after the first date set for the meeting of creditors or, if applicable, contemporaneously with the filing of any Modified Chapter 13 Plan and Related Motions.

| Name of Creditor | Type of Lien | Description of Collateral | Basis for Lien Avoidance |
|---|---|---|---|
| **-NONE-** | | | |

**B-7. UNSECURED CREDITORS NOT ENTITLED TO PRIORITY.** Unsecured Creditors with claims not entitled to priority under the United States Bankruptcy Code will receive in deferred cash payments from the trustee approximately **16**% of the present value of their allowed claims, without interest. If this case were liquidated under Chapter 7, such creditors would receive a dividend of approximately **0.0**% of their allowed claims.

**B-8. EXECUTORY CONTRACTS.** The debtor moves for assumption or rejection of the executory contracts and leases listed below.

  **a. Executory Contracts to be Rejected by the Debtor.** The debtor rejects the following executory contracts.

| Name of Creditor | Type of Contract |
|---|---|
| **-NONE-** | |

  **b. Executory Contracts to be Assumed by the Debtor.** The debtor assumes the following executory contracts. The debtor agrees to abide by all terms of the agreement and to cure any prepetition arrearages or defaults in the manner listed below.

| Name of Creditor | Type of Contract | Arrears on Filing Date |
|---|---|---|
| **-NONE-** | | |

**B-9. TITLE OF PROPERTY TO REVEST IN DEBTOR.** All property of the estate shall revest in the debtor upon confirmation of the plan, subject to the provisions in the plan and confirmation order. Unless the plan provides otherwise, a secured creditor retains its lien until the allowed amount of its secured claim is paid. The terms of the debtor's prepetition agreement with a secured creditor shall continue to apply except as otherwise provided for in this plan or the order confirming the plan.

**B-10. TREATMENT OF CLAIMS.**

a. Secured creditors must timely file a proof of claim to receive payment from the trustee.

b. Before or after confirmation of the plan, a party in interest may object to a claim which is not filed in accordance with F.R.B.P. 3001 or 3002.

c. If a claim is scheduled as unsecured and the creditor files a proof of claim alleging that the claim is secured but does not timely object to the confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor affected by the plan to seek relief from the stay or to object to the discharge of debt.

d. If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor will be treated as unsecured for purposes of distribution under the plan.

e. If a claim is filed for collateral that is to be surrendered, the claim may be disallowed for purposes of distribution under the plan. An unsecured claim may be filed for any deficiency balance that may remain.

f. If a claim is filed for a debt being paid directly by the debtor, the claim may be disallowed for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to seek relief from the stay or move for dismissal should the debtor fail to make the payments as proposed in the plan.

**B-11. OTHER PROVISIONS OF THE PLAN.**     ☐ None

**Explanation of B.2.a.2: $1,780 = $1,500 fee plus $ 280 costs**

**Direct payment for the following creditors:**

**Creditor:  U.S. Dept. of Education & Perkins Loan**

**Under 11 U.S.C. Section 1322(b)(5), since the last payment on the claim is due after the date on which the final payment under the plan is due, the debtor can maintain regular payments while in the plan.**

The debtor will not sell real property without an order from the court.   ☐ *[Check if Applicable]*

### SECTION C - BUDGET

A photocopy of Schedules I and J, or a detailed summary thereof, is attached.

**[Note to debtor: be sure that the budget is attached to each copy of the
plan filed with the Court or served upon a party in interest]**

### SECTION D - SIGNATURES

| Dated: **February 3, 2005** | **/s/ Ervin Connell Maddrey** |
|---|---|
| | **Ervin Connell Maddrey** |
| | Signature of Debtor |

**/s/ Patrick Thomas Keith VSB 48446**

Attorney for Debtor(s) (print or type)               **/s/ JoAnn Marie Maddrey**

**Patrick Thomas Keith VSB 48446**                    **JoAnn Marie Maddrey**
**Boleman Law Firm, P.C.**                            Signature of Joint Debtor (if applicable)
**2201 West Broad Street**
**Suite 205**
**Richmond, VA 23220**
**(804) 358-9900**

## SECTION E - PROOF OF SERVICE

The undersigned hereby certifies that on this date the foregoing Chapter 13 Plan and Related Motions was served upon the standing trustee, all creditors, and other interested parties, as set forth in the attached list of names and addresses, by mailing a complete copy of the plan, including a photocopy of the budget, to each party, by first class mail, or by electronic means. [*If the number of persons and parties served is twenty-five or fewer, service copies shall contain a complete certificate of service, including names and addresses of parties served. If service is made on more than twenty-five persons or parties, the certificate of service attached to the service copies need not contain the complete list of names and addresses, but may reference a service list attached to the original filed with the court.*]

Dated: **February 3, 2005**　　　　　　　　　　　　　　　　**/s/ Patrick Thomas Keith VSB 48446**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Signature of attorney, or *pro se* debtor(s)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Patrick Thomas Keith VSB 48446**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Printed Name(s)

Case 05-30505-DOT    Doc 8    Filed 02/03/05    Entered 02/03/05 09:12:24    Desc Main
                          Document      Page 8 of 18

**United States Bankruptcy Court**
**Eastern District of Virginia - Richmond Division**

In re  **Ervin Connell Maddrey**
**JoAnn Marie Maddrey**
Debtor(s)

Case No.  **05-30505**
Chapter  **13**

# NOTICE OF CHAPTER 13 PLAN AND RELATED MOTIONS

TO[1]:

**Romancing the Stone**
**US Bank**

## NOTICE OF:

1) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION
2) MOTION FOR VALUATION
3) MOTION TO AVOID CERTAIN LIENS, AND
4) ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS

The debtor(s) has filed a Chapter 13 Plan and Related Motions with the Court seeking to adjust his debts and, if applicable, to value the collateral of secured creditors, to avoid (that is, set aside or cancel) certain liens, and to assume or reject leases and executory contracts. [If applicable] This Chapter 13 Plan and Related Motions modifies a plan which was [was not] confirmed by the Court.

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

Local Bankruptcy Rule 3015-2 provides that the Chapter 13 plan will be confirmed and the related motions granted, without a court hearing, if no objection is filed within the time allowed.  If you do not want the Court to confirm the plan or (if you are a secured creditor) to value your collateral or avoid your lien as provided in the plan or (if you are a party to an unexpired lease or executory contract with the debtor) to assume or reject the lease or executory contract, then on or before  **3/21/2005** , you or your attorney must:

File a written objection and a copy with the Court at:
**United States Bankruptcy Court**
**Eastern District of Virginia**
**Richmond Division**
**1100 East Main Street**
**Richmond, VA 23219**

---

[1]Any creditor whose collateral is to be valued, whose lien is to be avoided, or whose lease or executory contract is to be assumed or rejected must receive an individually addressed notice *and must be served in accordance with Federal Rule of Bankruptcy Procedure 7004.*

If you mail your objection to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above. You must also mail a copy to the attorney for the debtor(s) (or to the debtor(s) if the debtor(s) is not represented by counsel) and to the Chapter 13 Trustee:

Address of attorney for the debtor(s) or
debtor(s) if not represented by counsel:

**Patrick Thomas Keith VSB 48446**
**Boleman Law Firm, P.C.**
**2201 West Broad Street**
**Suite 205**
**Richmond, VA 23220**

Address of Chapter 13 Trustee:

**Robert Hyman**
**Chapter 13 Trustee**
**600 E. Main Street, Suite 1200**
**Richmond, VA 23219**

If a timely objection is filed to the original Chapter 13 Plan and Related Motions, the objection and the motions, if any, will be heard at the date and time given in the **Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines** previously mailed to you by the Clerk's Office. If a timely objection is filed to a modified plan, the Court will schedule a hearing on the objection.

1.  The Chapter 13 Plan and Related Motions propose to value the claims of the following creditors:

| Name of Creditor | Description of Collateral | Value Assigned by Debtor | Interest Rate | Estimated Balance of Credit |
|---|---|---|---|---|
| **Romancing the Stone** | **Wedding and engagement rings** | **500.00** | **5.25** | **3,000.00** |
| **US Bank** | **2000 Pontiac Sunfire with 72,000 miles** | **5,100.00** | **5.25** | **6,654.00** |

2.  The Chapter 13 Plan and Related Motions propose to avoid judicial liens, nonpossessory, nonpurchase-money security interests or other liens of the following creditors:

| Name of Creditor | Description of Collateral | Value of Collateral | Identity of Senior Lienholder (if any) | Amount of Claim of Senior Lienholder |
|---|---|---|---|---|
| **-NONE-** | | | | |

3.  The Chapter 13 Plan and Related Motions propose to assume or reject an executory contract or unexpired lease with the following creditors:

**(A) Assume:**

| Name of Creditor | Type of Contract | Arrears on Filing Date |
|---|---|---|
| **-NONE-** | | |

**(B) Reject:**

| Name of Creditor | Type of Contract |
|---|---|
| **-NONE-** | |

**REVIEW THE CHAPTER 13 PLAN AND RELATED MOTIONS CAREFULLY TO DETERMINE THE TREATMENT OF YOUR CLAIM UNDER THE PLAN.**

**PROOF OF SERVICE**

The undersigned hereby certifies that on this date the foregoing Notice was served upon the standing trustee, all creditors, and other interested parties, as set forth on the attached list of names and addresses, by mailing a complete copy of the Notice to each party, by first-class mail, or by electronic means. *[If the number of persons and parties served is twenty-five or fewer, service copies shall contain a complete certificate of service, including names and addresses of parties served. If service is made on more than twenty-five persons or parties, the certificate of service attached to the service copies need not contain the complete list of names and addresses, but may reference a service list attached to the original filed with the court.]*

| | |
|---|---|
| Dated: **February 3, 2005** | **/s/ Patrick Thomas Keith VSB 48446** |
| | Signature of attorney, or pro se debtor(s) |
| | **Patrick Thomas Keith VSB 48446** |
| | Printed Name(s) |

Form B6I
(12/03)

In re **Ervin Connell Maddrey,**   Case No. **05-30505**
**JoAnn Marie Maddrey**
_____,
Debtors

## SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE ||
|---|---|---|
| | RELATIONSHIP<br>**son** | AGE<br>**16** |
| **Married** | | |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | **LPN** |
| Name of Employer | **Incarcerated** | **Gambro Healthcare** |
| How long employed | | **2 years** |
| Address of Employer | | |

| INCOME: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ **0.00** | $ **3,572.83** |
| Estimated monthly overtime | $ **0.00** | $ **0.00** |
| SUBTOTAL | $ **0.00** | $ **3,572.83** |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ **0.00** | $ **1,072.50** |
| b. Insurance | $ **0.00** | $ **346.67** |
| c. Union dues | $ **0.00** | $ **0.00** |
| d. Other (Specify) _____ | $ **0.00** | $ **0.00** |
| _____ | $ **0.00** | $ **0.00** |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ **0.00** | $ **1,419.17** |
| TOTAL NET MONTHLY TAKE HOME PAY | $ **0.00** | $ **2,153.66** |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ **0.00** | $ **0.00** |
| Income from real property | $ **0.00** | $ **0.00** |
| Interest and dividends | $ **0.00** | $ **0.00** |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **80.00** |
| Social security or other government assistance (Specify) _____ | $ **0.00** | $ **0.00** |
| _____ | $ **0.00** | $ **0.00** |
| Pension or retirement income | $ **0.00** | $ **0.00** |
| Other monthly income (Specify) **Federal and state tax refunds amortized** | $ **0.00** | $ **767.00** |
| _____ | $ **0.00** | $ **0.00** |
| TOTAL MONTHLY INCOME | $ **0.00** | $ **3,000.66** |

TOTAL COMBINED MONTHLY INCOME    $ **3,000.66**    (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

In re   **Ervin Connell Maddrey,**                                                                    Case No.   **05-30505**
         **JoAnn Marie Maddrey**
_____,
                                                        Debtors

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ **580.00** |
| Are real estate taxes included?   Yes_____ No __**X**__ | |
| Is property insurance included?   Yes_____ No __**X**__ | |
| Utilities: Electricity and heating fuel | $ **250.00** |
| Water and sewer | $ **200.00** |
| Telephone | $ **100.00** |
| Other   **Cell phone** | $ **130.00** |
| Home maintenance (repairs and upkeep) | $ **180.00** |
| Food | $ **350.00** |
| Clothing | $ **25.00** |
| Laundry and dry cleaning | $ **50.00** |
| Medical and dental expenses | $ **170.00** |
| Transportation (not including car payments) | $ **200.00** |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ **0.00** |
| Charitable contributions | $ **0.00** |
| Insurance (not deducted from wages or included in home mortgage payments) | |
| Homeowner's or renter's | $ **62.00** |
| Life | $ **0.00** |
| Health | $ **0.00** |
| Auto | $ **0.00** |
| Other | $ **0.00** |
| Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify)   **RE/PP taxes (amortized)** | $ **93.00** |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan.) | |
| Auto | $ **0.00** |
| Other | $ **0.00** |
| Other | $ **0.00** |
| Other | $ **0.00** |
| Alimony, maintenance, and support paid to others | $ **0.00** |
| Payments for support of additional dependents not living at your home | $ **0.00** |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ **0.00** |
| Other   **School lunches/supplies/haircuts/grooming** | $ **215.00** |
| Other   **Home Alarm** | $ **50.00** |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ **2,655.00** |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---|
| A. Total projected monthly income | $ **3,000.66** |
| B. Total projected monthly expenses | $ **2,655.00** |
| C. Excess income (A minus B) | $ **345.66** |
| D. Total amount to be paid into plan each __**Monthly**__ | $ **345.00** |
|                                    (interval) | |

```
Office of the US Trustee
600 East Main Street
Suite 301
Richmond, VA 23219


ADT Security
RE: Bankruptcy
PO Box 650485
Dallas, TX 75265


Alliance One
Re:  Providian
P.O. Box 1961
Southgate, MI 48195


Attention LLC
Re:  Chippenham/JW Hospital
P.O. Box 2308
Sherman, TX 75091


Bluegreen Resorts Management
Re:  Bankruptcy
P.O. Box 810758
Boca Raton, FL 33481


Capital One
Attn: Bankruptcy Dept
1957 Westmoreland Drive
Richmond, VA 23276-5617


Cavalry Investment
7 Skyline Dr., 3rd Floor
Hawthorne, NY 10532


Central
3700 Mechanicsville Turnpike
Richmond, VA 23223


Chippenham/JW Hospitals
Attn: Bankruptcy Dept.
P.O. Box 13620
Richmond, VA 23225
```

```
City of Richmond
Dept. of Finance/ Tax Enforce.
900 E. Broad St., Room 100
Richmond, VA 23219


City of Richmond
Dept. Public Utilities
600 East Broad St.
Richmond, VA 23219


Comcast
Attn: Bankruptcy Dept
5401 Staples Mill Road
Richmond, VA 23228-5421


Commonwealth Anesthesia Assoc.
Attn: Bankruptcy Dept.
P.O. Box 35808
Richmond, VA 23235-0808


Countrywide Home Loans
Attn: Bankruptcy Dept
P.O. Box 660694
Dallas, TX 75266-0694


Credit Adjustment Board
Re:  City of Richmond Utility
306 East Grace Street
Richmond, VA 23219


Credit Management Inc.
RE:  Comcast
4200 International Pkwy.
Carrollton, TX 75007


Dominion Virginia Power
Attn: Bankruptcy Dept.
PO Box 26543
Richmond, VA 23290-0001


Eggleston Karate Studios
10090 Midlothian Turnpike
Richmond, VA 23235
```

```
Encore Receivable Management
RE:  Household Bank
P.O. Box 3330
Olathe, KS 66063-3330


First Premier Bank
Attn: Bankruptcy Dept.
P.O. Box 5114
Sioux Falls, SD 57117-5114


Heilig Meyers
Claims Administrator
P.O. Box 3240
Portland, OR 97208-3240


Household (Beneficial) Finance
Attn: Bankruptcy Dept.
961 Weigel Drive
Elmhurst, IL 60126


Household Bank
Attn: Bankruptcy Dept.
PO Box 81622
Salinas, CA 93912-1622


Merrick Bank
Attn: Bankruptcy Dept.
PO Box 9201
Old Bethpage, NY 11804


Moore Loans, Inc.
Attn: Bankruptcy Dept
P.O. Box 12163
Richmond, VA 23241-0163


North Shore Agency
RE: Wachovia
P.O. Box 8901
Westbury, NY 11590-8901


Orchard Bank/Household
Attn: Bankruptcy Dept.
P.O. Box 17051
Baltimore, MD 21297
```

```
Progressive Insurance
Re: Bankruptcy
10 Harpersville Rd
Newport News, VA 23601


Providian
Attn:  Bankruptcy Dept.
P.O. Box 99607
Arlington, TX 76096-9607


Romancing the Stone
694 B Sharon Rd.
King William, VA 23086


Sallie Mae (SLMA)
Attn: Bankruptcy Dept
P.O. Box 9500
Wilkes Barre, PA 18773-9500


Sharon Bonds
3713 Grant Place NE
Washington, DC 20019


Smiths Service Station
2701 Byron Street
Richmond, VA 23223


Southwood Apartments
4641 Southwood Parkway
Richmond, VA 23224


Summit Health Care, Inc.
Re:  Bankruptcy
1401 Johnston Willis, Ste.5000
Richmond, VA 23235


Suntrust Bank
Re:  Student loan
1001 Semmes Avenue
Richmond, VA 23224


SUPASTMGMT
18167 US Hwy. 19 N., Ste. 200
Clearwater, FL 33764
```

```
T-Mobile
Re: Bankruptcy
P.O. Box 37380
Albuquerque, NM 87176-7380


Texaco/Shell
Credit Card Center
P.O. Box 9151
West Des Moines, IA 50398


The CBE Group, Inc.
Re:  Shell Oil
P.O. Box 2547
Waterloo, IA 50704-2547


US Bank
PO Box 790139
Saint Louis, MO 63179


Verizon
RE:  Bankruptcy
P.O. Box 17577
Baltimore, MD 21297-0513


Wachovia Bank
P.O. Box 3117
Winston Salem, NC 27102
```